FILED

UNITED STATES DISTRICT COURT *2017 SEP -5  AM 11: 00*
MIDDLE DISTRICT OF FLORIDA CLERK, US DISTRICT COURT
OCALA DIVISION MIDDLE DISTRICT OF FL
OCALA FLORIDA

ALANA HANSHAW, on behalf of
herself and others similarly situated,

      Plaintiff,

v.

                                    CASE NO.:   5:17-cv-413-Oc-41PRL

VETERANS & MEDICAID PLANNING
GROUP, PLLC, a Florida professional
limited liability company,
and ERIC MILLHORN, individually,

      Defendants.

_____/

## WAGE THEFT COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALANA HANSHAW ("Plaintiff"), on behalf of herself and others similarly situated, hereby sues the Defendants, VETERANS & MEDICAID PLANNING GROUP, PLLC, and ERIC MILLHORN (collectively, "Defendants") and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1.    This is an action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Accordingly, this Court has subject-matter jurisdiction.

2.    Venue is proper within the Middle District of Florida because a substantial part of the events giving rise to this claim arose here.

3.    At all times material, Plaintiff was/is a resident of Marion County, Florida.

4.     At all times material, Defendant, VETERANS & MEDICAID PLANNING GROUP, PLLC, was/is a Florida Professional Limited Liability Company authorized to conduct business in the State of Florida, with its principal place of business at 11294 US Highway 301, Oxford, Sumter County, Florida 34484.

5.     At all times material, Defendant, ERIC MILLHORN, was/is a resident of Sumter County, Florida.

## GENERAL ALLEGATIONS

6.     Defendants are employers as defined by the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq.* ("FLSA").

7.     At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

8.     During at least one of the relevant years, Defendants had an annual dollar volume of sales or business of at least $500,000.

9.     Plaintiff was employed by Defendants from October 2013 through June 2017 as a paralegal.

10.     At some point during her employment, Defendants informally changed Plaintiff's title to "Manager of Client Relations," but her primary job duties remained those of a non-exempt paralegal.

11.     While employed by Defendants, Plaintiff engaged in commerce or in the production of goods for commerce.

12.     Defendant MILLHORN is an owner of Defendant VETERANS &

MEDICAID PLANNING GROUP, PLLC and exercises significant control over the company's operations, including but not limited to possessing the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and other signs of operational control over significant aspects of the company's day-to-day functions.

13.     This action is brought under the FLSA to recover unpaid overtime compensation owed to Plaintiff and all others similarly situated who are or were employed by Defendants as paralegals and not paid overtime compensation.

14.     Plaintiff and others similarly situated were employees of Defendants under the FLSA.

15.     Defendants failed to comply with the FLSA because Plaintiff, and other similarly situated employees, were regularly required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

16.     The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who were required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

17.     Defendants failed to keep accurate time records as required by the FLSA. Accordingly, Plaintiff, and all others similarly situated, are required to provide only a reasonable approximation of the number of overtime hours worked for which compensation is owed, which is presumed correct. The burden then shifts to the

Defendants to overcome this presumption. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-88 (1946).

18.     Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

19.     Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

**COUNT I**
**OVERTIME – FLSA**
**(Both Defendants)**

20.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 19 as if fully restated herein.

21.     During the three (3) year period prior to filing this action, Defendants failed to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in a workweek.

22.     Defendants' failure to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

23.     Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

**WHEREFORE,** Plaintiff respectfully requests, on behalf of herself and all others similarly situated, that this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages

pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

## COUNT II
## WAGE THEFT/BREACH OF ORAL CONTRACT
### (Veterans & Medicaid Planning Group, PLLC)

24.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 19 as if fully restated herein.

25.     Plaintiff has earned unpaid wages which are owed and payable by Defendant pursuant to Florida Statute Chapter 448 and/or an agreement between the parties.

26.     Specifically, pursuant to an oral agreement between the parties, Defendant Veterans & Medicaid Planning Group, PLLC promised to pay Plaintiff a quarterly bonus.

27.     Plaintiff performed her duties under the oral agreement to qualify for the quarterly bonus, which Defendant owed to Plaintiff at the time of her termination.

28.     Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment to Plaintiff as required by Florida Statute Chapter 448 and/or the oral agreement between the parties, thereby engaging in unlawful Wage Theft.

29.     As a result of Defendant's Wage Theft and failure to pay earned wages, Plaintiff has suffered damages, including wages, interest and attorneys' fees.

WHEREFORE, Plaintiff prays for the following relief: (i) Declaratory judgment

finding that Defendant has engaged in unlawful Wage Theft; (ii) Awarding damages in the amount of the unpaid wages owed, plus attorneys' fees and costs pursuant to Fla. Stat. § 448.08; (iii) Injunctive relief prohibiting Defendant from further engaging in Wage Theft; and (iv) awarding all such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

DATED this 1st day of September, 2017.

Respectfully submitted,
**WHITTEL & MELTON, LLC**
*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jason M. Melton, Esq.
Florida Bar No.: 605034
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, Florida 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
Service Email:
  Pleadings@theFLlawfirm.com
  lechnerj@theFLlawfirm.com
  sonia@theFLlawfirm.com
*Attorneys for Plaintiff*