**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**ALANA HANSHAW, on behalf of herself
and others similarly situated**

    **Plaintiff,**

**v.**                                                                            **Case No: 5:17-cv-410-Oc-CEMPRL**

**VETERANS & MEDICAID PLANNING
GROUP, PLLC and ERIC MILLHORN**

    **Defendants.**

## ORDER

This case is before the Court on Plaintiff's motion for leave to commence discovery (Doc. 22), and Defendant's motion for clarification of scheduling order (Doc. 23), as well as Plaintiffs' unilaterally filed Case Management Report (Doc. 21). Based upon a review of the docket in this case, it appears that, in their Joint Report Regarding Settlement (Doc. 17) filed on March 16, 2018, the parties initially requested a settlement conference before the United States Magistrate Judge but, apparently, did not follow up with that request or file a motion to schedule the requested settlement conference. Then, on May 7, 2018, Plaintiff filed an Amended Report Regarding Settlement (Doc. 18) stating that the parties had not made any further progress toward settlement and Plaintiff would immediately file a case management report. On July 6, 2018, Plaintiff unilaterally filed a case management report (Doc. 21), as well as a motion for leave to commence discovery (Doc. 22). In response, Defendant filed a motion for clarification of the scheduling order (Doc. 23), seeking clarification in view of the then pending motion to dismiss.

In the meantime, the Court entered an Order dismissing the Complaint (Doc. 24), and

allowing Plaintiff until July 24, 2014 within which to file an Amended Complaint. In light of these recent developments and the parties' previous filings, it thus appears that the parties would benefit from renewed settlement discussions, even if only to explore whether further settlement discussions would be useful.

Accordingly, it is ordered that:

1. On or before **August 7, 2018**, counsel for Plaintiff and Defendant shall meet and confer **in person** in a good faith effort to settle all pending issues, including attorneys' fees and costs.[1] The parties, including a representative of each corporate party with full settlement authority, shall be available by telephone during the conference to consider and approve any settlement negotiated by counsel. Counsel shall have full authority to settle, and shall set aside sufficient time for a thorough, detailed, and meaningful conference that is calculated to fully resolve the case by agreement.

2. By **August 21, 2018**, after the settlement conference, counsel shall jointly file a Report Regarding Settlement that notifies the Court whether: 1.) the parties have settled the case; 2.) the parties have not settled the case but wish to continue settlement discussions for a specific period of time; 3.) the parties wish to engage in a formal mediation conference before a specific mediator on or before a specific date; 4.) either party requests a settlement conference before the United States Magistrate Judge who upon the consent of the parties shall have the authority to approve the settlement as a 'fair and reasonable resolution of a bona fide dispute" over FLSA issues without additional filings made by the parties. *See Lynn's Food Stores, Inc. v. United States*, 679

---

[1] In the case of an individual party who is not represented by counsel, the individual shall comply with the provisions of this Order.

F.2d 1350, 1354-55 (11th Cir. 1982); or 5.) the parties have exhausted all settlement efforts and will immediately file a Case Management Report² signed by counsel for all parties.

3. In the event the parties request a settlement conference before the United States Magistrate Judge, they must file an appropriate motion stating their request.

4. The parties may consent to the conduct of all further proceedings in this case by the United States Magistrate Judge (consent form attached to Doc. 13). Absent consent, the Magistrate Judge shall prepare a report and recommendation as to whether any settlement is a 'fair and reasonable resolution of a bona fide dispute' over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

5. Until the parties file the Case Management Report, all discovery in this case is **STAYED**, except as provided in this Order.

6. In the event that no settlement is reached pursuant to these procedures, and this Court later grants a motion permitting notice to be sent to similarly situated individuals advising them of their right to opt-in to this action, the limitations period for any person receiving notice shall be tolled during the period from the date of this Order until the parties file a Case Management Report lifting the stay on these proceedings.

7. Should the parties settle the dispute at any later time, they shall immediately advise the Court as required by Local Rule 3.08(a) and promptly submit a joint motion to approve the settlement.

8. Due to the volume of cases based on the FLSA, the Court expects strict adherence to these deadlines. Exceptions will be granted only for compelling reasons. Failure to comply may

---

² CMR forms are available online at http://www.flmd.uscourts.gov, then select Judicial Information, District Judges, and, under the appropriate judge's name, Case & Trial Management Forms.

result in the imposition of sanctions, including but not limited to the dismissal of the case and the striking of pleadings.

9. Either party, for good cause shown, may move to alter this schedule should the circumstances so warrant.

10. Plaintiff's unilaterally filed a case management report (Doc. 21) is hereby **STRICKEN**, but shall remain as filed. Plaintiff's motion for leave to commence discovery (Doc. 22) is **DENIED**, and Defendant's motion for clarification of the scheduling order (Doc. 23), is **GRANTED** in part and **DENIED** in part to the extent explained in this Order.

**DONE** and **ORDERED** in Ocala, Florida on July 10, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties