UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALANA HANSHAW,

    Plaintiff,

v.                                          CASE NO.: 5:17-cv-410-oc-41PRL

VETERANS & MEDICAID PLANNING
GROUP, PLLC, a Florida professional
limited liability company,
and ERIC MILLHORN, individually,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE**

Plaintiff Alana Hanshaw, and Defendants Veterans & Medicaid Planning Group, PLLC and Eric Millhorn, by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of Parties' Settlement Agreement and Stipulated Dismissal with Prejudice, and state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id*. at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id*.; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

A bona fide dispute exists between Plaintiff and Defendants in this case regarding Plaintiff's claim for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and the alleged damages associated with same. Defendants have asserted various defenses, including that Plaintiff was exempt from the overtime provisions of the FLSA under the administrative exemption. Since the filing and service of the Complaint and Amended Complaints, the parties' counsel have been involved in settlement discussions, including Defendants' production of relevant documents to Plaintiff. Through those discussions, the parties have reached settlement. As addressed in the proposed Settlement Agreement attached hereto as Exhibit "A", the parties agreed that Plaintiff would receive $20,000.00, broken down as $10,000.00 for alleged unpaid overtime, $10,000.00 for alleged liquidated damages. The parties further agreed that Plaintiff would receive $15,000.00 for attorney's fees and litigation costs, which were negotiated and shall be paid separately from Plaintiff's recovery.

Counsel have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiff and Defendants. All parties are represented by experienced counsel in this action, and the parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims. There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement.

As per the Settlement Agreement, the parties agree that each party shall bear her or its own attorneys' fees and costs, except as otherwise stated in the Settlement Agreement.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice pursuant to the parties' stipulated settlement and dismissal; and (3) retaining jurisdiction over enforcement of the settlement.

Respectfully submitted,

| WHITTEL & MELTON, LLC | TROW, DOBBINS & PISANI, P.A. |
|---|---|
| /s/ Jay P. Lechner | /s/ Linda G. Pisani |
| Jay P. Lechner, Esq. | Linda G. Pisani, Esq. |
| Florida Bar No.: 0504351 | Fla. Bar No. 0011640 |
| William J. Sheslow, Esq. | 1301 NE 14th Street |
| Florida Bar No.: 924042 | Ocala, FL 34470 |
| 11020 Northcliffe Boulevard | Tel: 352-369-8830 |
| Spring Hill, Florida 34608 | Fax: 352-369-8832 |
| Telephone: (352)683-2016 | eservice@ocalalawfirm.com |
| Facsimile: (352) 600-7533 | linda@ocalalawfirm.com |
| lechnerj@theFLlawfirm.com | rachael@ocalalawfirm.com |
| will@theFLlawfirm.com | Attorneys for Defendants |
| pls@theFLlawfirm.com | |
| Attorneys for Plaintiff | |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO 5:17-cv-410-41-PRL

ALANA HANSHAW,

    Plaintiff,

v.

VETERANS & MEDICAID PLANNING
GROUP, PLLC and ERIC MILLHORN,
_____/

## MEDIATED SETTLEMENT AGREEMENT

THE TERMS OF SETTLEMENT between the Plaintiff, ALANA HANSHAW and the Defendants, VETERANS & MEDICAID PLANNING GROUP, PLLC and ERIC MILLHORN, are as follows:

1. The Plaintiff agrees to accept and the Defendants agree to pay, in settlement of all Plaintiff's claims, the sum of $35,000.00, within 15 days from the date of approval by the Court, to be distributed as follows:

    a. $20,000 payable to Plaintiff, Alana Hanshaw; and

    b. $15,000 payable to Whittel & Melton, LLC for attorneys' fees and costs.

2. The Plaintiff agrees to accept and the Defendants agree to pay the full cost of mediation upon invoice by the Mediator, Renee Thompson.

3. The Defendants do not admit any liability under the Fair Labor Standards Act ("FLSA") or any related Florida Statutes to Plaintiff as said claims are disputed both legally and factually.



4. The portion of the settlement sum attributable to attorneys' fees has been negotiated separately and without regard to the amount paid to the Plaintiff.

5. The Plaintiff agrees to not seek any additional money damages for any bonus or wages that she may have claimed in the companion State Court Action (Fifth Judicial Circuit in and for Sumter County Case No. 2017-CA-0215).

6. The Plaintiff further agrees that any claim the Defendants failed to pay overtime or bonuses do not constitute a breach of the Restrictive Covenants between Plaintiff and Defendants at issue in the State Court Action.

7. Plaintiff hereby and forever releases Defendants from any and all FLSA claims as well as any Florida Statutory or Common Law Wage Claims.

8. The language in this agreement has been reviewed and approved by each party's counsel.

DATED this 9th day of May, 2019.

_____
Alana Hanshaw
Plaintiff

_____
Plaintiff's counsel

_____
Plaintiff's counsel

_____
Veterans & Medicaid Planning Group, PLLC
Defendant

_____
Eric Millhorn, Defendant

_____
Defendants' counsel